UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
JAN YEFTADONAY
on behalf of himself and
all other similarly situated consumers

                                 Plaintiff,

        -against-


USCB, INC. D/B/A USCB AMERICA

                             Defendant.

-----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiff Jan Yeftadonay seeks redress for the illegal practices of USCB, Inc. d/b/a USCB America, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Los Angeles, California.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Jan Yeftadonay*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect alleged consumer debts from the Plaintiff.

10. On or about May 1, 2020, the Plaintiff pulled his credit report with Experian whereupon he discovered two accounts being reported by the Defendant.

11. The debts allegedly belonging to the Plaintiff were purportedly owed to Kaiser Permanente.

12. Under the "payment status" column, the Defendant stated in part: "Seriously past due date / assigned to attorney[.]" (see attached exhibits)

13. Defendant misrepresented the legal status of the alleged debts by furnishing the national credit bureaus with a statement, that the account had been "assigned to attorney." (see attached exhibits)

14. Such language is a misrepresentation that an attorney is involved in the collection of the Plaintiff's accounts in violation of 15 U.S.C. § 1692e(3), and a false threat of legal action in violation of 15 U.S.C. § 1692e(5).

15. The vagueness of the said language adds to the misrepresentation.

16. Moreover, the said language is misleading in a material way as the reference may have been "assigned to an attorney" instills angst in the unsophisticated debtor.

17. As this account was not assigned to an attorney, the mention of attorney representation was knowingly false.

18. Section 1692e(3) forbids "The false representation or implication that any individual is an attorney or that any communication is from an attorney."

19. Section 1692e(5) forbids "The threat to take any action that cannot legally be taken or that is not intended to be taken."

20. Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8), 1692e(10) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debts, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

21. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

22. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

23. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

24. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

25. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

26. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

27. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and

participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

28. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

29. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

30. Plaintiff re-states, re-alleges and incorporates herein by reference, paragraphs one (1) through one twenty-nine (29) as if set forth fully in this cause of action.

31. This cause of action is brought on behalf of Plaintiff and the members of a class.

32. The class consists of all persons whom Defendant's records reflect resided in the State of New York who observed an account that appeared on their credit report(s); (a) wherein the Defendant had furnishing the national credit bureaus with a statement, that the account had been assigned to an attorney; and (b) the Defendant violated 15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8), and 1692e(10) of the FDCPA for the false representation of the character, amount, or legal status of the debt.

33. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. The class is so numerous that joinder of all members is impracticable, though the precise number of class members may be known only to the Defendant. Plaintiff estimates that each class has thousands of members

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who detected such information on their credit reports, furnished by the Defendant to the credit bureaus (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

34. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

      Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

35. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

36. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

37. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

38. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

      A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

      B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

      C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
December 3, 2020

\_\_\_\_\_/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

\_\_\_\_\_/s/ Adam J. Fishbein\_\_\_\_
Adam J. Fishbein (AF-9508)

# EXHIBITS

JAN YEFTADONAY - Experian
Date of Report: May 1, 2020



## Collections

**USCB AMERICA**
**147622XX**

### ACCOUNT DETAILS

| | |
|---|---|
| Account Name | USCB AMERICA |
| Account # | 147622XX |
| Original Creditor | KAISER PERMANENTE SCAL |
| Company Sold | - |
| Account Type | COLLECTION |
| Date Opened | Nov 04, 2018 |
| Account Status! | - |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor&apos;s internal collection department |
| Status Updated | Nov 01, 2018 |
| Balance | $100 |
| Balance Updated | Apr 13, 2020 |
| Original Balance | $100 |
| Monthly Payment | - |
| Past Due Amount | $100 |
| Highest Balance | - |
| Terms | 1 Month |
| Responsibility | Individual |
| Your Statement | - |
| Comments | Affected by natural disaster |

### CONTACT INFORMATION

355 S GRAND AVE STE 3200
LOS ANGELES, CA 90071
(213) 387-6181

### PAYMENT HISTORY

**2020**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
|  |  | N | N |
| May | Jun | Jul | Aug |
|  |  |  |  |
| Sep | Oct | Nov | Dec |
|  |  |  |  |

**N** Negative     ☐ Data Unavailable

JAN YEFTADONAY - Experian
Date of Report: May 1, 2020





**USCB AMERICA**
**144842XX**

## ACCOUNT DETAILS

| | |
|---|---|
| Account Name | USCB AMERICA |
| Account # | 144842XX |
| Original Creditor | KAISER PERMANENTE SCAL |
| Company Sold | - |
| Account Type | COLLECTION |
| Date Opened | Sep 10, 2018 |
| Account Status! | - |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor&apos;s internal collection department |
| Status Updated | Sep 01, 2018 |
| Balance | $85 |
| Balance Updated | Apr 13, 2020 |
| Original Balance | $85 |
| Monthly Payment | - |
| Past Due Amount | $85 |
| Highest Balance | - |
| Terms | 1 Month |
| Responsibility | Individual |
| Your Statement | - |
| Comments | Affected by natural disaster |

## CONTACT INFORMATION

355 S GRAND AVE STE 3200
LOS ANGELES, CA 90071
(213) 387-6181

### PAYMENT HISTORY

**2020**

| Jan | Feb | Mar | Apr |
|---|---|---|---|
|  |  | N | N |

| May | Jun | Jul | Aug |
|---|---|---|---|
|  |  |  |  |

| Sep | Oct | Nov | Dec |
|---|---|---|---|
|  |  |  |  |

N Negative    ☐ Data Unavailable